IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:<br>GREGORY JOSEPH JOHSNON | : <br> : <br> : | CASE NO. 5-22-01087-MJC |
| DEBTOR | : | CHAPTER 7 |
| JOHN J. MARTIN, CHAPTER 7<br>TRUSTEE FOR THE ESTATE OF<br>GREGORY JOSEPH JOHSNON, | : <br> : <br> : <br> : | |
| PLAINTIFF, | : <br> : | ADV. NO. 5:22-ap-37-MJC |
| VS. | : <br> : | |
| IRINA B. MAYMAN, BORIS MAYMAN<br>AND NINEL MAYMAN,<br>　　　DEFENDANTS. | : <br> : <br> : | |

**STIPULATION RESOLVING CHAPTER 7 TRUSTEE'S COMPLAINT
FOR LEAVE TO SELL REAL PROPERTY PURSUANT TO SECTION
<u>363(h) OF THE BANKRUPTCY CODE</u>**

**AND NOW COMES,** John J. Martin, Chapter 7 Trustee in the above-captioned bankruptcy proceeding, by and through his attorney, John J. Martin, and Defendants Irina B. Mayman, Boris Mayman and Ninel Mayman, by and through their attorney, Patrick Best, and on behalf of their respective clients enter into the following Stipulation to Resolve Chapter 7 Trustee's Complaint for Leave to Sell Real Property as follows:

**WHEREAS,** John J. Martin, the duly appointed, qualified and acting Trustee in bankruptcy in the above-captioned proceeding, having his place of business at 1022 Court Street, Honesdale, Pennsylvania 18431("Trustee"), is empowered to commence and prosecute the Estate's claims pursuant to, <u>inter alia</u>, Sections 323 and 704 of the Bankruptcy Code, 11 U.S.C. §101 <u>et seq</u>.;

**WHEREAS,** on or about August 22, 2022, the Trustee commenced the above captioned adversary proceeding seeking court approval to sell the Estate's and the interests of the Defendants' co-owners in the real property located in Monroe County, Pennsylvania at 611 Shane Drive, Effort, Pennsylvania 18330, which is the former residence of the Debtor (hereinafter "Former Residence");

**WHEREAS,** on or about August 29, 2022, the Defendants filed a motion to dismiss or stay the instant action;

**WHEREAS,** that at the time of the bankruptcy filing, there was currently pending in the Court of Common Pleas of Monroe County, Pennsylvania a divorce action by and between the Debtor and Defendant Irina B. Mayman with each party asserting their respective equitable distribution rights in marital property;

**WHEREAS,** as of the date of the filing of the instant action, the divorce court had yet to determine the equitable distribution claims of either party as to the Former Marital Residence;

**WHEREAS,** Defendant Irina B. Mayman has filed a motion seeking relief from the automatic stay provisions of 11 U.S.C. § 362 to permit the divorce court to proceed forward to determine the equitable distribution claims of the parties in the marital assets, including but not limited to the Former Marital Residence;

**WHEREAS,** Defendant Irina B. Mayman has offered to purchase the Estate's interest (to the extent that the Estate has an interest as result of the application of Pennsylvania equitable distribution law) in the Former Marital Residence for the sum of $17,000.00;

**WHEREAS,** conditioned upon the Bankruptcy Court's approval of the sale of the Estate's interest in the Former Marital Residence to Irina B. Mayman for the sum of $17,000.00, Defendants Irina B. Mayman, Boris Mayman and Ninel Mayman, will consent to said sale and consent to an order granting the relief requested in the instant action.

## **TERMS OF STIPULATION**

1. That the Trustee shall file a motion under 11 U.S.C. § 363 of the Code to sell the Estate's interest in the Former Marital Residence for the sum of $17,000.00 ("Sale Motion").

2. That upon the Bankruptcy Court's approval of the Sale Motion, the Defendants herein shall consent to the relief requested in the instant complaint.

3. That in the event that the Sale Motion is denied, nothing herein shall be deemed as an admission and this stipulation shall become null and void.

4. That upon Bankruptcy Court approval of this Stipulation and Bankruptcy Court Approval of the Sale Motion, the Trustee will consent to the Defendant's pending motion for relief from stay to permit the divorce court to determine the equitable distribution claims of the parties.

5. That by entering into this Stipulation, Defendant Irina B. Mayman is not admitting that the Estate held an interest in the Former Marital Residence as of the date of the bankruptcy filing; and further by entering into this Stipulation, Defendant Irina B. Mayman is not waiving any claims in the state court divorce action; and further Defendant Irina B. Mayman reserves the right to assert an unsecured claim against the Estate in this matter which shall be treated as timely filed.

The undersigned counsel hereby agrees to the terms and conditions of this stipulation and represent to the Court that they are authorized to do so on behalf of their respective clients.

| | |
|---|---|
| /s/ John J. Martin, Esq. | /s/ Patrick J. Best, Esq. |
| John J. Martin, Esq. | Patrick J. Best, Esq. |
| 1022 Court Street | ARM Lawyers |
| Honesdale, PA 18431 | 18 North 8th Street |
| (570) 253-6899 | Stroudsburg, PA 18360 |
| jmartin@martin-law.net | patrick@armlawyers.com |
| Counsel for Chapter 7 Trustee | Counsel for Defendants |